# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JIMMY DOUGLAS BISHOP,                                           PLAINTIFF
#211457

v.                                  4:21CV00092-JM-JTK

JESTINY GIBSON, et al.                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.      Why the record made before the Magistrate Judge is inadequate.

     2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff Jimmy Douglas Bishop ("Plaintiff") was incarcerated at the Lonoke County Detention Center when he filed this action. Plaintiff sued Lonoke County Detention Center Administrator Kristie Flud and Deputy Jestiny Gibson (collectively, "Defendants") in their personal and official capacities. (Doc. No. 2). Plaintiff alleged deliberate indifference to his serious medical needs. (Id.).

Defendants now have filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the merits of Plaintiff's claims. (Doc. Nos. 13-15). Plaintiff has not responded. Further, mail from the Court to Plaintiff has been returned as undeliverable. (Doc. Nos. 20, 22). To date, Plaintiff has not updated his address with the Court. After careful consideration, and for the reasons set out below, the Court recommends Defendants' Motion be granted.

### II.  Plaintiff's Complaint

Plaintiff sued Defendants in their personal and official capacities alleging deliberate indifference to his serious medical needs—dental issues. (Doc. No. 2 at 1-2, 4-6). Plaintiff says

he filed multiple grievances about not being seen by a dentist, but to no avail. (Id. at 6). According to Plaintiff, five months passed during which Defendants were deliberately indifferent to his dental needs. (Id.). Plaintiff seeks damages. (Id. at 7).

### III.     Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

3

IV.     **Facts and Analysis**

As explained above, Plaintiff alleged Defendants were deliberately indifferent to his dental needs.

   A.     **Official Capacity Claims**

Plaintiff sued Defendants in their official and personal capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against Lonoke County. To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

Because Plaintiff has not come forward with evidence that a Lonoke County policy or custom was the driving force behind the alleged violation of his rights, summary judgment in Defendants' favor on Plaintiff's official capacity claims is appropriate.

   B.     **Personal Capacity Claims—Deliberate Indifference to Serious Medical Needs**

When Plaintiff filed his Complaint, he was in jail and still awaiting trial on pending criminal charges. (Doc. No. 2 at 3). Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately

disregarded, that need.  East v. Minnehaha Cty., 986 F.3d 816, 820 (8th Cir. 2021).  Stating that a Defendant had "actual knowledge" of a serious medical need, without pleading additional facts to support the conclusory statement, is insufficient to state a deliberate indifference to serious medical needs claim.  Id.  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  "Mere negligence is not sufficient to support a cause of action under § 1983."  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

As an initial matter, Plaintiff has not responded to Defendants' Motion for Summary Judgment.  "All material facts set forth in the statement [of undisputed material facts] filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED. R. CIV. P. 56(e).  Because Plaintiff has filed no response, all facts set out in Defendants' Statement of Facts (Doc. No. 15) are deemed admitted.

According to Defendants' Statement of Facts, Plaintiff was a federal inmate housed at the Detention Center from July 11, 2020 to June 8, 2021. (Doc. No. 15 at ¶ 2; Doc. No. 15-1 at ¶ 3).  Defendant Gibson is the Medical Administrator for the Detention Center.  (Doc. No. 15-1 at ¶ 1).  The Detention Center contracts with Darrell Elkin, "a doctor of nurse practitioner and registered nurse practitioner," to provide medical services and oversight at the Detention Center.  (Doc. No. 15 at ¶ 1; Doc. No. 15-1 at ¶ 2).  On September 10, 2020, Plaintiff asked to see a doctor for an abscessed tooth.  (Doc. No. 15 at ¶ 3; Doc. No. 15-1 at ¶ 4; Doc. No. 15-2 at 1).  Nurse Elkin

5

saw Plaintiff on September 22, 2020 and prescribed antibiotics. (Doc. No. 15 at ¶ 4; Doc. No. 15-1 at ¶ 5). Plaintiff was placed on the list to see the dentist, but the dentist was not seeing patients at that time due to Covid-19. (Doc. No. 15 at ¶¶ 5, 9; Doc. No. 15-1 at ¶ 6; Doc. No. 15-2 at 3).

By October 27, 2020, Plaintiff had seen jail medical several times and placed on antibiotics in connection with his dental issues; he again asked to see a dentist. (Doc. No. 15 at ¶ 7; Doc. No. 15-1 at ¶ 8; Doc. No. 15-2 at 5). Defendant Gibson told Plaintiff on October 27, 28, and November 2, 2020, that she would call and see when Plaintiff could be seen by the dentist. (Doc. No. 15 at ¶ 7; Doc. No. 15-1 at ¶ 8; Doc. No. 15-2 at 5, 6, 7). Defendant Flud also told Plaintiff they were checking on dental appointments. (Doc. No. 15 at ¶ 8; Doc. No. 15-2 at 8). Defendant Gibson explained to Plaintiff that the dentist still was not taking patients due to Covid-19; Plaintiff received ibuprofen and another prescription for antibiotics. (Doc. No. 15 at ¶ 10; Doc. No. 15-1 at ¶ 11; Doc. No. 15-2 at 9).

Defendant Gibson eventually was able to make an appoint for Plaintiff at the dentist for January 6, 2021; Plaintiff went to the dentist around that time. (Doc. No. 15 at ¶ 11; Doc. No. 15-1 at ¶ 12).

On February 28, 2021, Plaintiff asked to be put back on the dentist list; Defendant Gibson faxed Plaintiff's request to the appropriate authorities and requested approval. (Doc. No. 15 at ¶ 12; Doc. No. 15-1 at ¶ 13; Doc. No. 15-2 at 10). On March 7, 2021, Plaintiff asked to see the dentist again; Defendant Gibson explained that she was working on it and started Plaintiff on antibiotics. (Doc. No. 15 at ¶ 13; Doc. No. 15-1 at ¶ 14). Plaintiff was seen by the dentist again on April 22, 2021. (Doc. No. 15 at ¶ 14: Doc. No. 15-1 at ¶ 15). Plaintiff left the Detention Center on June 8, 2021. (Doc. No. 15 at ¶ 15; Doc. No. 15-1 at ¶ 16).

The record reflects that Defendants Flud and Gibson responded to Plaintiff's dental complaints with attempts to get Plaintiff dental care. While there was some delay in Plaintiff's treatment, the delay was not caused by deliberate indifference. Rather, it appears that the dental office generally used by the Detention Center was not seeing patients at the time in question, a new dentist had to be found, and Plaintiff's requests for medical care had to be approved by another authority—referred to in the record as both the ADC and "feds." (Doc. No. 15 at ¶ 12; Doc. No. 15-1 at ¶ 13; Doc. No. 15-2 at 8-10).

Additionally, when a plaintiff complains of a delay in medical care, he must establish that he suffered some detrimental effect as a result of the delay. Jackson v. Riebold, 815 F.3d 1114, 1119-20 (8th Cir. 2016). To do so, the plaintiff must place into the record verifying medical evidence that shows the detrimental effect. (*Id*.) Plaintiff has not established the detrimental effect of the delay in his treatment.

Considering all circumstances, the Court finds no constitutional violation. Even if there were a violation, Defendants would be entitled to qualified immunity—Covid-19 presented novel problems in scheduling medical appointments;. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).

Where, as here, Defendants have moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude partial summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting

plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, Defendants' Motion should be granted.

## V.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 13) be GRANTED;

2. Plaintiff's Complaint (Doc. No. 2), be DISMISSED with prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 28th day of October, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE